## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| KAYLA WIEN, individually and on behalf of all others similarly situated, ) ) ) | |
| ) | COLLECTIVE ACTION COMPLAINT |
| Plaintiff ) | PURSUANT TO 29 USC § 216(b) |
| ) | |
| vs. ) | CASE NO. 1:23-cv-2269 |
| ) | |
| HOSS CANTEEN, INC. d/b/a ) BIG LUG CANTEEN, ) | |
| ) | |
| Defendant ) | |

### *PLAINTIFF'S FLSA COLLECTIVE ACTION AND INDIVIDUAL COMPLAINT FOR DAMAGES*

### *I. STATEMENT OF THE CASE*

Plaintiff Kayla Wien ("Wien") brings this FLSA collective action and individual lawsuit against Defendant Hoss Canteen, Inc. d/b/a Big Lug Canteen (hereinafter "Restaurant Employer")[1] to address class-wide wage and hour violations, particularly violations of the FLSA's tip credit and tip pooling rules, committed by Restaurant Employer against its hourly-paid, tipped employees who work or worked at its Indianapolis, Indiana restaurant called Big Lug Canteen. Wien is pursuing Restaurant Employer in a collective action under the Fair Labor Standards Act ("FLSA") to recover unpaid wages and unpaid minimum wages and damages.

### *II. FACTUAL ALLEGATIONS*

1. Wien currently resides in New Palestine, Hancock County, Indiana.

2. Based upon information and belief, the "Restaurant Employer" is a bar and restaurant owned and operated by Defendant Hoss Canteen, Inc. in Indianapolis, Marion County, Indiana and known as Big Lug Canteen.

3. Wien is a former employee of Restaurant Employer. She worked for Restaurant

---

[1] Hoss Canteen, Inc. d/b/a Big Lug Canteen is believed to be part of and run by Sahm's Hospitality Group, Inc. The two corporations share the same principal address.

1

Employer on two different occasions - in mid-2021 and, most recently, from May 2023 until the date of her retaliatory termination on December 9, 2023. Wien worked as a bartender on both occasions. At all times, Wien was paid less than the $7.25 per hour (her rate was believed to be $2.13 per hour) minimum wage for her hourly wages and was provided tips.

4.      At all times in the three years preceding the filing of this Complaint, Wien was paid wages on an hourly basis and she was treated as a non-exempt employee. In the same way, Restaurant Employer paid all of its server and bartender employees on an hourly basis and treated them as non-exempt.  As described above, servers and bartenders were paid at hourly rates that are significantly less than the FLSA minimum wage of $7.25 per hour.

5.      Wien and all of Restaurant Employer's server and bartender employees were promised payment of tips by customers as a significant part of their wages. The tips were to be in addition to the hourly wages Restaurant Employer paid its servers.

6.      At all times relevant to this lawsuit (including all times in the last three years' time), Restaurant Employer required Wien and all other servers and bartenders to contribute to and participate in an invalid tip-sharing pool. Wien will further describe this invalid tip pooling arrangement in the paragraphs below.

7.      Restaurant Employer required Wien and all fellow servers to participate in an invalid tip sharing pool. The tip sharing pool Restaurant Employer required Wien to participate in was invalid because some of Wien's and other servers' tips were used by the employer to cover its own expenses, particularly payment of wages to employees not eligible to participate in the tip pool. Examples of Restaurant Employer's use of tip pool funds for improper reasons include, but are not limited to, the following:

    a.      Restaurant Employer permitted management employees to participate in and take money from the mandatory tip pool. Wien can specifically state that she was required to contribute to a mandatory tip pool that included shift managers named Brendan and Gracie.

b.      Based upon information and belief, Restaurant Employer used server's pooled tips to cover shortages. Specifically, Wien can state that she was fired for protesting and refusing to pay the bill for a "dine and dash" customer on December 8, 2023. Wien and a coworker named Hank had served a couple who left the restaurant without paying an approximate $70.00 bill.

c.      Restaurant Employer's tip pool was mandatory. Servers and bartenders could not voluntarily choose whether or not he/she wished to participate in the tip pool. Additionally, the tip sharing was controlled and administered by the Restaurant Employer.

d.      Restaurant Employer was taking the tip credit for many employees (e.g., servers, bartenders), but was allowing employees (particularly managers) who are not tipped to participate in the tip pool.

e.      Restaurant Employer further violated the FLSA by requiring Wien and her fellow servers and bartenders to pay cash to Restaurant Employer to purchase apparel (shirt and hooded sweatshirts) emblazoned with the Restaurant's log. It was mandatory that such apparel be worn at work (a mandatory uniform requirement) and employees had to buy shirts and hooded sweatshirts from employer if the employee wanted more than one such shirt. This violates the free and clear, no kickback rule under the FLSA, 29 CFR § 531.35, and creates a minimum wage violation as a result of the requirement that cuts into the sub-minimum wage paid and/or uses tip money to pay an expense required by the employer.

All of the described misuse of the funds in the tip sharing pool cause the tip pool to be invalid and cause Restaurant Employer to lose the FLSA's tip credit.

8.      To provide further explanation, the FLSA has a tip credit provision which permits employers of tipped employees to pay those employees at less than the FLSA-required minimum hourly wage and take a tip credit against its minimum wage obligations. However, an employer

3

is not permitted to take any tip credit against its minimum wage obligation in any of the following circumstances: 1) when the employer requires its tipped employees to return a portion of their tips to the employer, 2) when the employer requires its tipped employees to perform non-tipped work that is unrelated to the employees' tipped work, and 3) when the employer requires its tipped employees to perform non-tipped work that, although related to the tipped work, exceeds twenty percent of the employees' time worked during a workweek.  See *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014); *Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 307 (N.D. Ill. 2010); *Bernal v. Vankar Enterprises, Inc.*, 579 F.Supp.2d 804, 810 (W.D. Tex. 2008) (employer not permitted to take tip credit when it used plaintiffs' tips to pay for cash shortages.) Examples of non-tipped work (that should be paid at a full minimum wage in any circumstance) includes time servers work when the restaurant is closed in the mornings (work opening the restaurant) and time closing the restaurant at the end of the work day.

9.     For at least the three years preceding the filing of this Complaint, Restaurant Employer has been paying Wien, other servers and bartenders a sub-minimum wage AND has been operating an invalid tip pool. Restaurant Employer has committed FLSA minimum wage violations against Wien, every server and bartender and every other employee paid an hourly wage less than $7.25 per hour.

10.     For at least the last three years preceding the filing of this Complaint, Restaurant Employer paid Wien and her fellow servers and bartenders at a wage rate less than $7.25 per hour for work time spent doing non-tipped work, such as preparation and cleaning activities during the time the restaurant was being opened or after the restaurant was closed. This non-tipped work regularly exceeded 20% of Wien and other tipped employees' work time, and also very regularly exceeded 30 or more consecutive minutes of work time, but Wien and her fellow tipped employees were never paid at a full minimum wage rate for time spent in this non-tipped work. To provide a specific example, Wien routinely spent 30 to 45 minutes each night after closing performing tasks cleaning the bar, glasses, tables and putting up chairs and after she

could no longer earn or expect tips for her work. Wien was never paid at a higher rate (at least the minimum wage of $7.25 per hour) for this work. Restaurant Employer had no system and no policy to permit Wien and her fellow employees report to Restaurant Employer the fact that this non-tipped work was being performed and should be paid at the higher, minimum wage rate. restaurant) and time closing the restaurant at the end of the work day.

11.     Restaurant Employer is wrongfully misappropriating pooled tips, credit card and debit card paid tips intended for its server employees in each and every work week.

12.     Restaurant Employer has intentionally, knowingly, and with reckless disregard violated Wien and all server employees' rights to tips paid by customers with cash, credit cards and debit cards. Wien is expressly alleging that Restaurant Employer has acted in bad faith in violating its server and bartender employees' rights under the FLSA.

13.     Restaurant Employer has intentionally, knowingly, with reckless disregard violated Wien, other servers and bartender employees' rights to earned wages, including earned full minimum wages, through Restaurant Employer's illegal use of servers' tips and through Restaurant Employer's failure to pay a full minimum wage to Wien all servers and bartender employees.

14.     By way of this Complaint, Wien seeks all wages, all minimum wages, and any overtime compensation, along with all statutory liquidated damages, owed to her and owed to all other victims of Restaurant Employer's FLSA violations, Additionally, Wien seeks payment of all of her reasonable attorney's fees, costs and expenses.

15.     As described above, on December 8, 2023, Wien and a coworker named Hank waited on customers who left the restaurant without payment on an approximate $70.00. When Hank first told the manager on duty, a woman named Gracie, Gracie stated that Hank and Wien were required to pay the customer's bill with their own money. Wien protested and took time to Google the information on her phone to tell her manager that a requirement that a restaurant employee be forced to pay a "dine and dash" customer's tab was a violation of the law. She is

correct. Such a requirement plainly violates the FLSA's free and clear, no kickback rule. 29 CFR § 531.35. The manager on duty became angry with Wien for refusing to pay the customer's tab and for calling out the illegality of Restaurant Employer's demand for payment from her. Gracie, the manager on duty, communicated with the General Manager, Adrienne Sahm, about the unpaid customer bill, the demand that Wien and Hank pay that bill, and the fact that Wien protested and let Gracie know that the demand for payment was unlawful after searching the information on her cell phone. Ms. Sahm was present in person when the controversy started, but left work for the evening. Based upon information and belief, Ms. Sahm continued to communicate by phone and/or text about the issue after she left.

16.     The next day, December 9, 2023, General Manager Adrienne Sahm sent a text message to Wien telling her she was fired for her "behavior" the previous day. Wien's only "behavior" had been to refuse to pay her own money to Restaurant Employer to cover a dine and dash customer's bill and to communicate to her manager the fact that the demand for payment was illegal.

17.     Wien was fired solely because she complained of FLSA minimum wage violations and refused to kick back her wages to the employer to cover a customer's unpaid tab. She had done good work and her job was otherwise in no jeopardy prior to her activity protected by the FLSA.

18.     Restaurant Employer retaliated against Wien for engaging in speech and activity protected by the FLSA.

19.     Restaurant Employer intentionally and knowingly violated Wien's rights under the FLSA and retaliated against her for protected activity. Wien seeks all damages available under the FLSA, including all lost wages and benefits, compensatory and punitive damages, and payment of her attorney's fees, costs and expenses.

### III.  COLLECTIVE ACTION ALLEGATIONS

20.     Wien incorporates herein by reference paragraphs 1 - 19 above.

21.     This Complaint is brought as a collective action on behalf of other current and former employees of Restaurant Employer who were similarly denied payment of a full minimum wage and/or who were denied payment of tips in full as the result of an invalid tip pool. This collective action protects all such servers, bartenders and other tipped employees who work or have worked for Restaurant Employer at Big Lug Canteen in Indianapolis, Indiana at any time from three years prior to the filing of this Complaint to the present.

22.     This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Wien and all of Restaurant Employer's current and former servers, bartenders and other employees who participated in Restaurant Employer's invalid tip pool and/or were paid an hourly rate of less than $7.25 per hour. By virtue of the "collective action," Wien represents the identical and/or similar interests of former and current hourly-paid servers, bartenders and other employees who were deprived and not paid all tips and/or were not paid at least an amount equal to $7.25 for every hour worked. Wien anticipates that other Restaurant Employer server and bartender employees will opt in to the action.

23.     Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group.

24.     Wien's claims are typical of the claims of the whole collective group of current and former hourly-paid servers, bartenders and other employees paid at less than full minimum wages ($7.25 per hour) and/or harmed by Restaurant Employer's unlawful taking and retention of pooled tips, credit card and debit card paid tips.

25.     Wien will act to fairly and adequately protect the interests of the entire collective group of current and former employees of Restaurant Employer.

26.     A determination regarding the "similarness" of those able to participate in the collective action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages.  Particularly with the

type of FLSA violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

27.    A collective action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

### IV. JURISDICTION AND VENUE

28.    This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331, 28 USC § 1343, and 29 USC § 201 et seq. as Plaintiff's FLSA claims raise federal questions of law.

29.    Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.

### V. STATEMENT OF CLAIMS

#### A. Collective Action Wage Claims Under the Fair Labor Standards Act

30.    Wien incorporates herein by reference paragraphs 1 - 29 above.

31.    Defendant - Restaurant Employer - is a covered employer subject to the provisions of the Fair Labor Standards Act. Defendant, is an "enterprise." See 29 USC § 203(s)(1). Further, Defendant is an "employer" as that term is defined under the FLSA at 29 USC § 203(d). Finally, Defendant is a "person" as that term is defined under the FLSA. 29 USC § 215.

32.    Wien and all similarly situated server, bartender and other participants in the tip pool are hourly paid, non-exempt employees entitled to the protections of the FLSA, including protections prohibiting employers from sharing or keeping any tips from a tip pool and prohibitions against paying a sub-minimum wage to non-tipped employees. 29 USC § 203(m)(2)(B).

33.     Wien and all servers, bartenders and other participants in the invalid tip pool were and are all hourly paid, non-exempt employees entitled to be paid a full minimum wage and, in weeks each worked in excess of forty hours, to overtime compensation.

34.     By paying Wien and other similarly situated servers, bartenders and others at an hourly rate of pay less than the FLSA minimum wage of $7.25 per hour while also operating an improper tip sharing pool (and making improper use of the Plaintiffs' tips), Restaurant Employer has violated the minimum wage provisions of the FLSA and owes Wien and all others similarly situated the full minimum wage for each and every hour worked.

35.     Restaurant Employer's failure to comply with the Fair Labor Standards Act's provisions regarding minimum wages and overtime compensation is willful and without justification.

36.     Wien seeks for herself and all similarly situated current and former employees of Restaurant Employer all available damages, including all unpaid wages, minimum wages, unpaid overtime compensation itself, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which each may be entitled for Restaurant Employer's violations of the Fair Labor Standards Act.

37.     Further, by taking pooled tips, credit card and debit card paid tips from its server employees, Restaurant Employer must pay damages to Wien and other opt in servers and bartenders in an amount equal to the unlawfully taken pooled tips, credit card and debit card paid tips, plus an equal amount as liquidated damages.

38.     Wien seeks for herself and all similarly situated server and bartender employees all available damages, including all illegally confiscated pooled tips, credit card and debit card paid tips, liquidated damages, payment of reasonable attorneys' fees, costs and expenses, and any and all other damages to which each may be entitled for Restaurant Employer's violations of the Fair Labor Standards Act.

### B.  Wien's Individual FLSA Retaliation Claim

39.     Wien incorporates herein by reference paragraphs 1 - 38 above.

40.     Defendant - Restaurant Employer - is a covered employer subject to the provisions of the Fair Labor Standards Act. Defendant, is an "enterprise." See 29 USC § 203(s)(1). Further, Defendant is an "employer" as that term is defined under the FLSA at 29 USC § 203(d). Finally, Defendant is a "person" as that term is defined under the FLSA. 29 USC § 215.

41.     Restaurant Employer retaliated against Wien for her protected activity under the FLSA, specifically, his refusal to kick back wages to the employer and her communication about the illegality of Restaurant Employer's demand that she pay a customer's bill. Wien's claim arises under 29 USC § 215(a)(3). Wien was discharged because of her FLSA-protected activity. Regardless of Wien's success on her underlying FLSA claims for minimum wages, Wien made a good faith complaint protected by the FLSA and the Defendant is for its act of retaliation committed against Wien.

42.     Wien has been harmed by Restaurant Employer's act of retaliation. She is seeking from Restaurant Employer all available damages, including, but not limited to, all lost wages and benefits, all available liquidated, compensatory, and/or punitive damages, payment of her attorney's fees, costs and expenses, plus any and all other relief which will make her whole.

## VI.  PRAYER FOR RELIEF

WHEREFORE, plaintiff Kayla Wien, individually and on behalf of all similarly situated employees, respectfully requests that the Court enter judgment in the Plaintiff Class's favor and against the Defendant, and award to Wien and the Plaintiff Class all available damages, including, but not limited to, full minimum wages for every hour worked, repayment of all illegally confiscated pooled tips, credit card and debit card paid tips, all liquidated damages, statutory damages, any and all equitable relief, plus payment of reasonable attorney's fees, costs and expenses, pre-judgment interest, and any and all other relief just and proper in the premises. Wien further requests any and all available damages, including but not limited to all lost wages

and benefits, all available liquidated, compensatory, and/or punitive damages, payment of her attorney's fees, costs and expenses, plus any and all other relief which will make her whole. Finally, Wien seeks all other just and proper relief in the premises.

HASSLER KONDRAS MILLER LLP
100 Cherry St.
Terre Haute, Indiana 47807
(812) 232-9691


By/s/ *Robert P. Kondras, Jr.*
   Robert P. Kondras, Jr.
   Attorney No. 18038-84
   Attorney for Plaintiff
   kondras@hkmlawfirm.com

11