IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KAYLA WIEN, on behalf of herself and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**HOSS CANTEEN, INC. d/b/a BIG LUG ,**<br><br>**Defendant.** | Case No.: 1:23-cv-02269-RLY-MG |

## JOINT NOTICE OF SETTLEMENT

This Joint Stipulation for Approval of Settlement, for Dismissal of Claims with Prejudice, and for Entry of Judgment ("the Stipulation") is made and entered into between named-plaintiff Kayla Wien ("the Named Plaintiff"), and the opt-in plaintiffs Angelo D'Ambrosio, Brooke Floyd, Grace Lane, Isabel Houston, Olivia Diaz, Spencer Thompson, Emilee Chezem, Corinne Bear, and Brittany Mulkey (collectively, "the Opt-in Plaintiffs"), by and through their attorneys, Hassler Kondras Miller LLP ("Plaintiffs' Counsel"), on the one hand, and defendant Hoss Canteen, Inc. d/b/a Big Lug ("Hoss Canteen"), by and through its attorneys, Littler Mendelson, P.C., on the other hand.

### I.    The Lawsuit

On December 19, 2023, Named Plaintiff filed a Collective Action Complaint in the above-captioned action ("the Lawsuit"), alleging that Hoss Canteen violated the minimum wage and overtime provisions of the Fair Labor Standards Act, 29

U.S.C. § 201, et seq. ("FLSA"). [Dkt. 1] Named Plaintiff specifically alleged that Hoss Canteen violated the FLSA by failing to pay her and other servers minimum wage and overtime premiums owed for all hours worked. Named Plaintiff also alleged Hoss Canteen violated the FLSA by terminating her employment in retaliation for complaints she made about her wages. (*Id.*)

On March 13, 2024, Hoss Canteen timely filed its Answer to the Collective Complaint and denied Named Plaintiff's allegations. [Dkt. 14]. On May 30, 2024, Named Plaintiff and Hoss Canteen filed a Joint Motion to Approve Stipulated Form of Notice of Collective Action. [Dkt. 21.] The Court granted the Parties' Joint Motion on June 13, 2024. [Dkt. 22.]

Following the agreed upon period of time for individuals to indicate their desire to join the Lawsuit, nine additional individuals, Angelo D'Ambrosio, Brooke Floyd, Grace Lane, Isabel Houston, Olivia Diaz, Spencer Thompson, Emilee Chezem, Corinne Bear, and Brittany Mulkey, filed written consents to join the Lawsuit as party-plaintiffs, pursuant to 29 U.S.C. § 216(b). [Dkt. 15.].

The Parties engaged in written discovery regarding the Named Plaintiff's claims, the claims of the Opt-in Plaintiffs, and other matters relevant to the claims alleged in the Lawsuit and Hoss Canteen's defenses.

The Parties, through their counsel, are familiar with the facts of the Lawsuit and the legal issues raised by the pleadings. In consideration of the discovery record and in advance of engaging in significant additional discovery efforts and trial preparation activities, the Parties engaged in extended settlement negotiations. The

terms and conditions of settlement reflected in this Stipulation are a product of those negotiations, which were conducted at arm's length between the Parties and their respective counsel.

## II. Hoss Canteen's Denial of Liability

Hoss Canteen denies any liability or wrongdoing of any kind associated with the claims alleged in the Lawsuit. Hoss Canteen contends that it has at all times complied with the FLSA. Nevertheless, Hoss Canteen has entered into this Stipulation to avoid the cost and inconvenience of further litigation.

The Named Plaintiff and the Opt-in Plaintiffs have entered into this Stipulation because the settlement set forth herein reflects a reasonable compromise of the disputed issues in the Lawsuit, chiefly, if and to what extent the Named Plaintiff and the Opt-in Plaintiffs are owed minimum wages and/or overtime wages and liquidated damages. The Named Plaintiff and the Opt-in Plaintiffs believe that the certainty of settlement is better than the uncertain outcome of protracted litigation. The Named Plaintiff, the Opt-in Plaintiffs, Hoss Canteen, and their respective counsel stipulate and agree that the terms and conditions of settlement set forth in this Stipulation are fair, reasonable, and in the best interest of the Parties.

Nothing in this Stipulation shall be construed or deemed to be an admission of liability or wrongdoing on the part of Hoss Canteen. Pursuant to Rule 408 of the Federal Rules of Evidence, this Stipulation shall not be admissible in evidence in any proceeding; provided, however, that the Stipulation may be filed and used in

this Lawsuit or any related litigation as necessary to approve, interpret, or enforce this Stipulation, or in any subsequent action against or by Hoss Canteen to support a stay of such subsequent action, or to establish a defense of res judicata, collateral estoppel, waiver, release, or any other theory of claim preclusion, issue preclusion, or similar defense, claim, or counterclaim.

### III.   Dismissal of Lawsuit with Prejudice

Pursuant to the terms and conditions of this Stipulation, the Named Plaintiff and the Opt-in Plaintiffs (hereinafter collectively referred to as "the Settling Plaintiffs") agree that their claims alleged in the Lawsuit may and should be dismissed by the Court WITH PREJUDICE. Except as otherwise provided in this Stipulation, all parties will be responsible for their own costs and attorneys' fees.

### IV.   Settlement Consideration

In exchange for: (1) dismissal of the Lawsuit as described in Section III of this Stipulation; (2) the Settling Plaintiffs' execution of a settlement agreement in a form acceptable to all Parties; and (3) the representations and stipulations of the Settling Plaintiffs and Plaintiffs' Counsel as set forth in this Stipulation, Hoss Canteen agrees to pay or cause to be paid to the Settling Plaintiffs a total aggregate sum of $16,396.67 (the "Settlement Amount") for alleged unpaid wages and liquidated damages to resolve all claims alleged in the Lawsuit and related wage claims ("Settled Claims," as defined in Section 4 of this Stipulation). The Settlement Amount and the Service Awards are exclusive of the Settling Plaintiffs' attorneys' fees and costs.

The Settlement Payment will be apportioned as follows:

- Kayla Wien:  $3,817.65
- Angelo D'Ambrosio:  $3,542.70
- Brooke Floyd:  $976.66
- Grace Lane: $393.90
- Isabel Houston: $924.86
- Olivia Diaz: $4,026.33
- Spencer Thompson: $310.27
- Emilee Chezem: $1,336.32
- Corinne Beard: $662.74
- Brittany Mulkey: $375.00

One-half of each individual Settling Plaintiff's allocated share of the Settlement Amount shall constitute W-2 wages ("the W-2 Wages Portion"). Hoss Canteen shall deduct all applicable withholding taxes and other amounts required by law from the W-2 Wages Portion of the Settlement Amount allocated to each individual Settling Plaintiff, and Hoss Canteen will issue a Form W-2 reflecting payment of the W-2 Wages Portion of the Settlement Amount to each individual Settlement Plaintiff.

One-half of each individual Settling Plaintiff's allocated share of the Settlement Amount shall constitute Form 1099 income for liquidated damages ("the Liquidated Damages Portion"), and Hoss Canteen shall issue a Form 1099 reflecting payment of the Liquidated Damages Portion of the Settlement Amount to each individual Settling Plaintiff.

The Settling Plaintiffs shall be solely responsible for payment of any and all federal, state, and local taxes due on the amounts payable under this Stipulation,

with the sole exception of those payroll taxes customarily paid by employers, including but not limited to FICA and FUTA/SUTA. The Settling Plaintiffs will not be eligible for or entitled to claim any further payment, including payment of attorneys' fees, except as otherwise provided for in this Stipulation. Nothing in this Stipulation shall be construed as Hoss Canteen or Plaintiffs' Counsel providing any advice regarding the reporting or payment of taxes or the tax consequences of a Settling Plaintiff's participation in the settlement.

Within thirty (30) calendar days following the entry of Final Judgment of Dismissal based on this Stipulation, Hoss Canteen shall make payment of the Settlement Amount by issuing two (2) payments to each Settling Plaintiff participating in the settlement.

### V. Reimbursement for Reasonable Attorneys' Fees and Litigation Costs

Pursuant to the terms and conditions of this Stipulation, and according to the timeframe identified above in Section IV, Hoss Canteen shall pay or cause to be paid by check to Hassler Kondras Miller, LLP $13,603.33 for attorneys' fees and costs (the "Attorneys' Fees and Costs Payment."). The Attorneys' Fees and Costs Payment will be reported to Hassler Kondras Miller, LLP, on an IRS Form 1099-MISC. This is the total amount that Hoss Canteen shall pay in attorneys' fees and costs.

### VI. Waiver and Release of Claims

As a material inducement to Hoss Canteen to enter into this Stipulation, and in consideration of Hoss Canteen's promise to make the payments set forth in Section

IV of this Stipulation, the Settling Plaintiffs have each executed a Release of Claims prepared by the Parties' Counsel, and each has expressly released Hoss Canteen and all of its parent companies, affiliates, subsidiaries, predecessors, successors, assigns, and legal representatives (collectively, the "Releasees") from all claims asserted in the Lawsuit including, but not limited to, all known and unknown claims for wages, overtime compensation, minimum wages, liquidated damages, penalties and interest and attorneys' fees and costs arising out of their employment with Hoss Canteen, arising under local, state, or federal law (including, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Indiana Wage Payment Statute, Ind. Code § 22-2-5-1 *et seq.*, the Indiana Wage Claims Statute, Ind. Code § 22-2-9-1 *et seq.*).

ACCORDINGLY, based upon the recitals, stipulations, and agreements contained within this Stipulation, the Parties jointly request that the Court enter an Order:

1. APPROVING the terms of the parties' resolution of the Settling Plaintiffs' claims for unpaid wages and liquidated damages as a fair and reasonable resolution of a bona fide dispute regarding unpaid wages under the FLSA;

2. DISMISSING the claims asserted in the Complaint WITH PREJUDICE; and

3. ORDERING the ENTRY OF JUDGMENT.

Dated: December 17, 2024

| Respectfully submitted, | Respectfully submitted, |
|---|---|

/s/ *Robert P. Kondras* (w/permission)
Robert P. Kondras, Jr.
HASSLER KONDRAS MILLER LLP
100 Cherry Street
Terre Haute, Indiana 47807
Telephone: (812) 232-9691
kondras@hkmlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

/s/ *Brian L. Mosby*
Brian L. Mosby (#26096-29)
Bianca V. Black (#33701-53)
LITTLER MENDELSON P.C.
111 Monument Circle, Suite 702
Indianapolis, Indiana 46204
Telephone: (317) 287-3600
bmosby@littler.com
bblack@littler.com

**ATTORNEYS FOR DEFENDANT**